**So Ordered.**

**Dated: December 8th, 2020**



*Frederick P. Corbit*
Frederick P. Corbit
Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>MICHAEL CHRIS WOLD<br>PRISCILLA ARDINE WOLD<br><br><br><br>Debtor(s) | CASE NO. 20-01087-FPC11<br><br>CHAPTER 11<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 PLAN |

THIS MATTER came before the Court for hearing on December 3, 2020, to consider confirmation of the Debtors' Second Amended Chapter 11 Plan of Reorganization ("Plan"). The Court reviewed the files and records herein, heard argument of counsel and testimony of the Debtors, and was fully advised in the premises. Based on the forgoing, the Court indicated it would confirm the Plan, and requested that Debtors' counsel prepare the Court's written findings and conclusions and corresponding order. The Court hereby enters its findings of fact and conclusions of law in support of its Order Confirming Chapter 11 Plan:

Each finding of fact set forth, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

1.1 <u>Jurisdiction</u>. The Court has jurisdiction under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

1.2 <u>Filing of Plan</u>. On October 12, 2020, the Debtors filed their Second Amended Chapter 11 Plan (ECF No. 97).

1.3 <u>Modification of Plan</u>. On November 19, 2020, a Modification of Second Amended Chapter 11 Plan and Certificate of No Adverse Effect was filed (ECF No. 114). A subsequent modification will be filed in conformance with the Court's ruling on December 3, 2020.

FINDINGS OF FACT AND CONCLUSIONS OF
LAW IN SUPPORT OF ORDER CONFIRMING
CHAPTER 11 PLAN - 1

**OVERCAST LAW OFFICES-NCW, PLLC**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

20-01087-FPC11    Doc 125    Filed 12/08/20    Entered 12/08/20 15:38:17    Pg 1 of 4

1.4     Notice.  On October 13, 2020, the Debtors caused a true and correct copy of the Second Amended Plan of Reorganization, Second Amended Order Setting Confirmation Hearing and Related Deadlines, and Ballot for Accepting or Rejecting Plan of Reorganization to be mailed to all of the Debtors' known creditors and interest holders of record. *See* Certificate of Service (ECF No. 103).

1.5     Objections.  All objections and all reservations of rights that have not been withdrawn, waived or settled, pertaining to confirmation of the Plan are overruled on the merits.

1.6     Burden of Proof. As more fully set forth herein, the Debtors, as proponents of the Plan, have met their burden of proving each of the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.

1.7     Confirmation Hearing.  On December 3, 2020, this Court held the hearing upon confirmation.  In attendance where the following parties:  Gary Dyer, United States Trustee's Office, Geoff Groshong, Subchapter V Trustee, Lance Olsen, Attorney for Wells Fargo, Douglas Cushing, Attorney for Craft3, Gina Johnnie, Attorney for Julie Donnelly, and Jesse Baker, Attorney for JP Morgan Chase.

1.8     Request for Status Conference.  The Court requested a provision in the Plan providing that any interested party may schedule a status conference to address any unresolved concerns with the progress on the sale of the subject property upon ten (10) days written notice to the Debtors.

1.9     Plan's Satisfaction of Confirmation Requirements.  The Debtors' Plan complies with all confirmation requirements of a cramdown plan under § 1129(b) of the Bankruptcy Code as described below:

1.9.1     Section 1129(a)(1) and (2). The Plan complies with all applicable sections of the Code. No party has objected based upon these requirements.

1.9.2     Section 1129(a)(3). The Debtors have proposed the Plan in good faith. Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law.

1.9.3     Section 1129(a)(4)-(6). To the extent these provisions apply to the Plan, they have been satisfied. No party has objected based upon the provisions of these subsections.

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 PLAN - 2

**OVERCAST LAW OFFICES-NCW, PLLC**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

20-01087-FPC11    Doc 125    Filed 12/08/20    Entered 12/08/20 15:38:17    Pg 2 of 4

1.9.4 Section 1129(a)(7). This element is satisfied if each impaired claimant has accepted the plan or receives or retains under the Plan as much as it would under Chapter 7. After deducting costs of sale, Debtors' believe there would be a 10.6% distribution to unsecured creditors in a Chapter 7. In contrast, the Plan pays priority creditors in full and pays general unsecured creditors twelve percent (12%) over the term of the Plan.

1.9.5 Section 1129(a)(8). The requirement of §1129(a)(8) is not applicable for a plan confirmed under §1191(b).

1.9.6 Section 1129(a)(9). Section 2.2 of the Plan provides for full payment of priority tax claims in regular installment payments and because §1191(e) provides that payment of claims of a kind specified in paragraphs (2) and (3) of §507(a) of the Code in a plan may be confirmed under §1191(b). Therefore, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code, to the extent applicable.

1.9.7 Section 1129(a)(10). The Code requires that at least one impaired class accept the Plan. As indicated above, Classes 1 & 2 have accepted the Plan, thus this requirement is satisfied.

1.9.8 Section 1129(a)(11). To be confirmed, a plan must not be likely to be followed by liquidation or the need for further financial reorganization, unless such liquidation or reorganization is proposed in the plan. The Plan satisfies this requirement, as it provides for sale of real property in addition to reliance on Debtors' disposable income to the extent necessary to make their Plan payments, and the Debtors testified at the confirmation hearing that they will be able to make all payments under the Plan.

1.9.9 Section 1129(a)(12). Quarterly fees are not payable in Subchapter V cases. 11 U.S.C. §1190((a)(6)(A).

1.9.10 Section 1129(b). The Plan proposed does not discriminate unfairly and

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 PLAN - 3

**OVERCAST LAW OFFICES-NCW, PLLC**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

20-01087-FPC11    Doc 125    Filed 12/08/20    Entered 12/08/20 15:38:17    Pg 3 of 4

proposes to pay creditors pursuant to the stated liquidation analysis. The Plan is thus fair and equitable.

Presented By:

OVERCAST LAW OFFICES-NCW, PLLC

/s/ David A. Kazemba
David A. Kazemba, WSBA #48049
Attorney for Debtors

Approved as to Form and Electronically approved by the following:

UNITED STATES TRUSTEES OFFICE

/s/ Gary Dyer
Gary Dyer, CSBA#106701

SUBCHAPTER V

TRUSTEE /s/ Geoff Groshong
Geoff Groshong, WSBA #6124

MCARTHY & HOLTHUS

/s/ Lance Olsen
Lance Olsen, WSBA#25130
Attorneys for Wells Fargo

JORDAN RAMIS PC

/s/ Douglas P. Cushing
Douglas P. Cushing, WSBA #23392
Attorneys for Craft3

SHERMAN, SHERMAN, JOHNNIE & HOYT, LLP

/s/ Gina Anne Johnnie
Gina Anne Johnnie, WSB #19189
Attorneys for Julie Donnelly

ALDRIDGE PITE, LLP

/s/ Jesse Baker
Jesse Baker, WSBA#36077
Attorneys for JP Morgan Chase

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 PLAN - 4

**OVERCAST LAW OFFICES-NCW, PLLC**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588

20-01087-FPC11    Doc 125    Filed 12/08/20    Entered 12/08/20 15:38:17    Pg 4 of 4